Filed 8/27/25  P. v. Carruthers CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARVELL CARRUTHERS,<br><br>Defendant and Appellant. | F088063<br><br>(Super. Ct. No. BF171176A)<br><br><br>OPINION |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Marvell Carruthers, in pro. per.; and Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Franson, J. and Peña, J.

Appellant Marvell Carruthers appeals the denial of his request for resentencing after a hearing to determine whether he was entitled to relief under Penal Code section 1172.6.[1]  Appellant's counsel initially filed a brief requesting this court independently review the record in line with principles defined in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant then submitted a separate supplemental letter brief raising points he wishes to have reviewed.  For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This is the second time an appeal from appellant's petition for resentencing has reached this court.  We incorporate our factual and procedural background from appellant's first appeal (*People v. Carruthers* (June 22, 2022, F082407) [nonpub. opn.]), which is repeated in relevant part below.  We then provide additional factual and procedural information following remand.

On March 9, 2018, an information was filed alleging Robert Williams and appellant had committed attempted murder, attempted robbery, assault with a firearm, and various other related firearm and gang offenses and enhancements.  Appellant eventually pleaded no contest to attempted murder and a misdemeanor gang offense, along with certain firearm enhancements.  Appellant was sentenced to a term of 15 years' imprisonment.

On November 10, 2020, appellant petitioned for resentencing under former section 1170.95 (now § 1172.6).[2]  The trial court denied appellant's petition, concluding appellant was ineligible for relief under the law.

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

2.

In the first appeal, this court remanded for further proceedings based on a change in the law that permitted those convicted of attempted murder to petition for resentencing. Upon remand, the trial court found a prima facia showing for relief had been made and issued an order to show cause.

The evidence presented at the hearing included a video of the event that was summarized by the trial court. This video showed that appellant, wearing a yellow reflective vest, and Williams, wearing an orange reflective vest, were let into a marijuana dispensary by an armed security guard. Once inside, appellant pulled out a gun, and a struggle ensued where shots were fired. The security guard fled from the building. Appellant and Williams took cover in the building, and appellant fired in the direction the security guard had fled. Appellant and Williams appeared to be injured by shots fired in their direction and eventually fled from the building. Additional testimony from the preliminary hearing showed that several 9-millimeter shell casings were found outside the building, but none were found inside, and damage was found to the inside and outside of the building, as well as to the building's door. In addition, during the preliminary hearing, the prosecutor confirmed that the only theory they were proceeding on to support the attempted murder charge was actual intent to kill.

Only appellant was initially charged with personally discharging a firearm, while Williams was charged with being a principal in the offense where another principal discharged a firearm. As noted above, appellant eventually pleaded no contest to attempted murder with an enhancement under section 12022.5, subdivision (a). Counsel stipulated to a factual basis for the plea based on the preliminary hearing transcript.

Based on these facts, the trial court entered an order denying appellant's petition. The order first provided a detailed summary of the factual and procedural history of the case, then outlined the evidence the trial court considered,[3] defined the burden of proof

---

[3] Appellant's letter does not challenge the scope of the evidence considered. Upon review, this court perceives no error in how the trial court limited the admissibility of the

3.

for the proceedings, and reviewed relevant legal principles. The trial court made factual findings from each relevant source of evidence and then several determinations, including that appellant was the actual shooter, acted with an intent to kill, and was a major participant acting with reckless indifference to human life. Based on these findings, the trial court concluded appellant was not eligible for relief because he was not being held liable based on a natural and probable consequences theory and because the evidence showed beyond a reasonable doubt that he was the person who engaged in a shootout with the victim.

This appeal timely followed.

## DISCUSSION

Appellant claims in his letter brief there is "no factual evidence that fits the criteria of attempted murder" in this case. Across four points, appellant argues that he did not fire a weapon, the victim was not injured, his youth at the time of the event precludes a finding of intent, and his plea bargain was affected by the length of the sentences he was allegedly facing.

### *Applicable Law*

In *Delgadillo*, our Supreme Court set out the principles to follow when counsel finds no arguable issues for appeal following denial of a resentencing request under section 1172.6: "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter. [Citations.]

preliminary hearing transcript and considered the remaining evidence presented. (See § 1172.6, subd. (d)(3) [excluding reliance on hearsay evidence presented at a preliminary hearing].)

4.

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion.  The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues."  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.)  "While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal."  (*Id.* at p. 232.)

A "person convicted of … attempted murder under the natural and probable consequences doctrine … may file a petition" for resentencing if certain criteria are met. (§ 1172.6, subd. (a).)  "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of … attempted murder under California law as amended by the changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)  "To determine 'whether a trial court correctly denied a section 1172.6 petition following an evidentiary hearing, " ' "we review the factual findings for substantial evidence and the application of those facts to the statute de novo." ' " ' "  (*People v. Rodriguez* (2024) 103 Cal.App.5th 451, 457 (*Rodriguez*).)

**_Appellant Could Be Convicted of Attempted Murder_**

The trial court's ruling in this case essentially found that appellant was not convicted under a natural and probable consequences theory and the evidence supported the conclusion that appellant was the shooter in the attempted murder.  Appellant's arguments in this appeal challenge the underlying factual claim that he actually fired any shots in the course of the robbery and, even if he did, the evidence could not show intent to kill.  Appellant's arguments are not germane to the issues that arise under section 1172.6 and thus cannot demonstrate error.

The flaw in appellant's argument is fully set forth in *Rodriguez*.  In that case, the facts alleged asserted that the defendant had pulled up to another car containing his ex-

girlfriend and fired a single shot at the car, resulting in no damage to the car and no injuries. (*Rodriguez, supra*, 103 Cal.App.5th at p. 455.) The defendant was charged with attempted murder, waived his preliminary hearing, and accepted a plea deal to attempted second degree murder. (*Ibid.*) At the evidentiary hearing for his resentencing petition, the defendant testified that he had fired a single shot into the air but did not aim at anyone. (*Ibid.*) On appeal, the defendant alleged the trial court erred when it failed to determine whether or not he had fired shots at anyone and because there was no evidence aside from his statement that he fired into the air, he could not have been found to have attempted to murder anyone. (*Id.* at p. 456.)

In rejecting this argument, the *Rodriguez* court explained that a "section 1172.6 petition for resentencing is a continuation of the petitioner's underlying criminal proceeding [citation] and applies 'only to attempted murders based on the natural and probable consequences doctrine.' " (*Rodriguez, supra*, 103 Cal.App.5th at p. 457.) Accordingly, the process "does not permit ' "litigant[ing] anew" any trial issues or allowing "a petitioner to challenge any aspect of the factfinding from the original trial that [they] wish[] to revisit." ' " (*Ibid.*)

In such a proceeding, a "guilty plea is a judicial admission" that " 'amounts to an admission of every element of the crime,' " conceding " ' "the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, a plea of guilty waives any right to raise questions regarding the evidence ....." ' " (*Rodriquez, supra*, 103 Cal.App.5th at p. 458.) This meant that the defendant's "guilty plea admitted and established generally the existence of 'intent to kill.' However, it did not admit whether the intent was personal to him or imputed to him." (*Ibid.*) Once "the theoretical possibility he aided and abetted an accomplice was eliminated by evidence received at the hearing, his guilty plea was an admission of his personal intent to kill." (*Ibid.*)

6.

The same is true in these proceedings. Appellant is challenging the underlying facts of the offense, but the only issue in dispute given his guilty plea is whether or not the intent to kill he previously admitted to was personal to him or imputed to him. Appellant does not have the right to challenge his admission to factual issues such as whether a shot was fired or whether his youth limited his capacity to form an intent to kill, as neither of these issues are germane to whether he was convicted of an offense under which resentencing is permissible. The record evidence shows he admitted to the necessary intent, was the only person with a gun involved in the shooting, and could therefore, beyond a reasonable doubt, be convicted of attempted murder even after the changes to sections 188 and 189. As explained in *Rodriguez*, "In light of appellant's admission by plea of an intent to kill, the sole issue at the evidentiary hearing was whether he acted alone. His guilty plea precluded the trial court from making factual findings regarding his conduct or credibility determinations regarding his intent." (*Rodriguez, supra*, 103 Cal.App.5th at p. 459.) In the end, appellant's challenges are to issues related to his guilty plea and not to issues related to his resentencing petition under section 1172.6. The court did not err in denying is petition for resentencing.

### *An Independent Review of the Record Shows No Error*

In order to review the issues raised in appellant's letter brief, this court was required to undertake a thorough review of the record. Based on this, the court chose to exercise its discretion to review the entire record for any additional error. (*Delgadillo, supra*, 14 Cal.5th at p. 232 ["While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal."].) Upon review, this court finds no potential error that would warrant reversing the trial court's determination that appellant is ineligible for relief.

**DISPOSITION**

The judgment is affirmed.